UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60433

_____


GLADYS MADISON, Guardian for Viola Williams,

                              Plaintiff,

                    versus

VINTAGE PETROLEUM, INC., ET AL.,

                              Defendants.

            * * * * * * * * * * * *

HENRY LEE WILLIAMS,

                              Plaintiff-Appellee,

                    versus

VINTAGE PETROLEUM, INC., ET AL.,

                              Defendants,

VINTAGE PETROLEUM, INC.,

                              Defendant-Appellant.

            * * * * * * * * * * * *

            _____

                 No. 96-60585

            _____


GLADYS MADISON, Guardian for Viola Williams, Et Al.,

                              Plaintiffs,

versus

VINTAGE PETROLEUM, INC., ET AL.,

                              Defendants.

              * * * * * * * * * * * *

HENRY LEE WILLIAMS,

                              Plaintiff-Appellant,

                    versus

VINTAGE PETROLEUM, INC., ET AL.,

                              Defendants,

PLACID OIL CO.,

                              Defendant-Appellee.

_____

Appeals from the United States District Court for the
            Southern District of Mississippi
               (3:93-CV-663 & 3:93CV663LN)
_____

                    July 22, 1997
Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This consolidated appeal challenges the district court's grant

of summary judgment in favor of Placid Oil Co. ("Placid") against

Henry Lee Williams.  A panel of this court recently concluded that

the district court lacked jurisdiction over Williams's claims and

ordered the matter remanded to state court.  *See Madison v. Vintage*

---

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Petroleum, Inc.*, 1997 WL 381236 (5th Cir. July 10, 1997). Accordingly, we vacate the judgment of the district court and grant the appellant's motion to dismiss the appeal (No. 96-60585).[1]

Pursuant to the same authority, we maintain federal diversity jurisdiction over Vintage Petroleum, Inc.'s ("Vintage") appeal from the contempt order entered by the district court for its failure to comply with a discovery order (No. 96-60433). *See id.* The plaintiff argues that the protections otherwise provided to Vintage and its attorneys by the work product doctrine were waived when Southeastern Norm Environmental, Inc. ("Southeastern Norm"), a non-testifying, consulting expert witness hired by Vintage, disclosed its reports to the Mississippi State Department of Health ("DOH"). Under the circumstances of this case, we disagree. First, neither Vintage nor its attorneys voluntarily disclosed Southeastern Norm's reports to DOH. Rather, it is undisputed that the holders of the privilege did not authorize the disclosure or know that it had occurred. Second, nothing in the record establishes that the plaintiff in the instant case was privy to the disclosure of the subject reports. This court has recognized that the work product doctrine exists "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery

---

[1] The panel also held that there is federal jurisdiction over the claims brought by Gladys Madison, as guardian for Viola Williams. *See id.* Because the plaintiff in that matter did not appeal the district court's grant of summary judgment in favor of Placid, that decision remains in full force.

attempts of an opponent." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). We believe that the doctrine's goal will be served most effectively in this case by continuing to protect the reports from discovery. Accordingly, we REVERSE the contempt order entered by the district court against Vintage.